IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLAN BERNSTEIN,

    Plaintiff,

v.                                                               CIV 02-455 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    Plaintiff Allen Bernstein formerly worked as a computer technician in the military. When he was twenty-five years old, the Social Security Administration found him disabled based on Crohn's disease. *See Administrative Record* at 15-16, 64, 65 (hereinafter "*Record*"). In 1983, when he was thirty-seven, the Administration determined his benefits should cease. However, an Administrative Law Judge reinstated Plaintiff's benefits. He found that Plaintiff continued to be disabled and met Listings 5.07 and 12.04, based a combination of Crohn's disease and a related, moderately-severe mental impairment (obsessive-compulsive personality disorder, principally related to Plaintiff's diet). At the time, Plaintiff was reported to be 5'7" tall and weighed 135 pounds. *See id.* at 35, 65-66.

    In 1999 when Plaintiff was in his early 50's, the Administration again determined that benefits should cease and ALJ William F. Nail, Jr. concurred. After reviewing the evidence of record and evaluating Plaintiff's testimony, ALJ Nail found that Plaintiff's condition has improved in that he no longer has an impairment or combination of impairments that meets or equals a

Listing. *See id.* at 15-22. By that time, Plaintiff had gained a substantial amount of weight, now weighing 183 pounds. *Id.* at 35. After considering an additional affidavit from Plaintiff, the Appeals Council affirmed on March 15, 2002. *See id.* at 5, 11.

This suit followed and the matter is before the court on Plaintiff's Motion to Reverse or Remand. *Doc. 11.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. I have carefully considered the entire record and conclude that the motion should be denied and the decision of the Commissioner affirmed.

In a termination of benefits case, the Commissioner has the burden of showing three circumstances. The first two are medical improvement and that the improvement is related to the ability to work. Those burdens are met by evaluating the evidence and showing a claimant no longer satisfies a Listing. *Glenn v. Shalala,* 21 F.3d 983, 987 (10th Cir. 1994). Here, similar to the unreported decision in *Houston v. Chater,* 1995 WL 324503 (10th Cir. 1995), Plaintiff does not mention his mental impairment at all, much less argue that it continues. While he maintains that he suffers from severe symptoms due to the Crohn's disease, he does not argue that this medical condition is unimproved, or that he currently meets Listing 5.07 or any other Listing. Indeed, the medical evidence cited by the ALJ substantially supports the conclusion that Plaintiff does not meet any Listing. *See Record* at 19-20. *Docs. 12, 14.*

Rather, as to the third relevant circumstance, Plaintiff challenges the ALJ's conclusion that Bernstein possesses the ability to perform substantial gainful activity. Plaintiff argues only that the ALJ erred in finding him not credible based on his failure to submit to a colonoscopy or to take

medication to treat the chronic diarrhea he professes accompanies the Crohn's disease.[1]  Plaintiff asserts that the denial of benefits was based on his failure to undertake treatment.  *See Doc. 12* at 5-6.  Defendant does not address this argument directly and instead argues only that Plaintiff fails to meet a Listing.  *See Doc. 13.*

Nevertheless I am not persuaded by Plaintiff's argument.  First of all, the cessation date is not linked to the failure to undertake treatment.  *See* 20 C.F.R. § 404.1595(g)(8).  Furthermore, the ALJ's well-written and thorough decision plainly indicates that he did not credit Plaintiff's testimony that he suffers from diarrhea "15 to 20 times a day."  ALJ Nail based his credibility finding on several factors: a lack of supporting objective medical evidence; medical evidence to the contrary (the 50 pound weight gain and reports that Plaintiff's Crohn's disease is "in remission or quiescent"); and Plaintiff's daily activities (including studying, playing chess, horseback riding, writing poetry and computer programs, solving mathematical problems, and generally sitting in front of the computer with such frequency to require a new prescription for his eyeglasses).  *Record* at 17-18, 121, 127, 133, 135, 143, 159.

Because the ALJ's credibility determination is supported by substantial evidence, I cannot "upset" that determination.  *Diaz v. Sec. of Health & Hum. Servs.,* 898 F.2d 774, 777 (10th Cir. 1990).  As such, the ALJ's finding that Plaintiff's impairments do not cause more than "minimal limitations on his ability to do basic work activities" must stand.  *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992); *see also Record* at 184-91; 20 C.F.R. 404.1594(f)(6) ("When the evidence shows that all your current impairments in

---

[1] The affidavit Plaintiff submitted to the Appeals Council regarding his symptoms and purported reasons for declining such treatment options does not differ in substance from his testimony before the ALJ.

3

combination do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered severe in nature.  If so, you will no longer be considered to be disabled.").

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reverse or Remand *(Doc. 11)* is DENIED, the decision of the Commissioner is AFFIRMED, and a final order shall enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.